## UNITED STATES DISCTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KOEPPEL CLARK, LLC AND** | * | **CIVIL ACTION NO.:** |
| **BEKO PROPERTIES, LLC** | * | |
| | * | **DISTRICT JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **STARR INDEMNITY &** | * | |
| **LIABILITY COMPANY** | | **JURY TRIAL DEMANDED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Koeppel Clark, LLC, and Beko Properties, LLC, (hereinafter "Plaintiff"), who respectfully represent the following:

### I.   PARTIES AND CITIZENSHIP

1.

Made plaintiffs herein are Koeppel Clark, LLC, and Beko Properties, LLC, who are both Louisiana limited liability companies.

2.

Made Defendant herein is Starr Indemnity and Liability Company, an admitted foreign insurer.

## II.     JURIDICTION

### A.  DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332(a)

3.

Diversity is proper under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. According to 28 U.S.C. §1332(a), this Honorable Court maintains "original juridiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States."

4.

Plaintiffs are limited liability companies, organized under the laws of Louisiana, with their principal places of business in New Orleans, Louisiana.

5.

To the best of knowledge and belief, Defendant Starr Indemnity & Liability Company is incorporated in Texas, with its principal place of business in New York, New York. Therefore, under 28 USC 1332 (c)(1), Defendant is a deemed to be a citizen of both Texas and New York.

6.

Since Plaintiffs are citizens of the State of Louisiana and the only Defendant is a citizen of different states from Plaintiff, complete diversity exists between the parties to this action.

7.

Plaintiffs' damages exceed $75,000, exclusive of interests and costs.

### III.   VENUE

8.

Venue is proper pursuant to 28 USC §1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the territory of the U.S. District Court for the Eastern District of Louisiana, namely in the Parish of Orleans, State of Louisiana.

### IV.   ALLEGATIONS

9.

On or about December 31, 2019, unusual pneumonia cases of unknown origin began to appear and rapidly multiply in the large city of Wuhan, Province of Hubei, People's Republic of China.

10.

By January 30, 2020, the World Health Organization (hereinafter "WHO") declared the developing situation caused by the emerging pathogen to be a Public Health Emergency of International Concern.

11.

The following day, January 31, 2020, the U.S. Department of Health and Human Services declared a Public Health Emergency.

12.

On February 11, 2020, the new strain of coronavirus was publicly named COVID-19.

13.

At a press conference on March 11, 2020, WHO Director General Dr. Tedros Adhanom Ghebreyesus declared that COVID-19 had become a global pandemic.

14.

On March 11, 2020, under authority of State emergency powers, Louisiana Governor John Bell Edwards issued Proclamation Number 25 JBE 2020, Public Health Emergency – COVID-19, declaring a state of emergency.

15.

On the same date, New Orleans Mayor Latoya Cantrell issued Mayoral Proclamation of State of Emergency Due to COVID-19, No. 2020-02449, declaring a state of emergency.

16.

On March 16, 2020, New Orleans Mayor Latoya Cantrell issued an additional Mayoral Proclamation to Promulgate Emergency Orders During the State of Emergency Due to Covid-19, No. 2020-02602. Mayor Cantrell thereby prohibited and ordered cancellation of private gatherings, including closure of establishments "…where the risk of possible COVID-19 spread exists…"

17.

Further, on March 22, 2020, Louisiana Governor John Bell Edwards issued Proclamation Number 33 JBE 2020, Additional Measures for Covid-19 Stay at Home. He thereby ordered that all Louisianans remain at home, except for essential activity, effective March 23, 2020 through April 13, 2020.

18.

On April 15, 2020, New Orleans Mayor Latoya Cantrell issued Mayoral Proclamation to Further Promulgate Emergency Orders During the State of Emergency Due to Covid-19, No. 2020-03129, effective April 16, 2020 through May 16, 2020, which renewed the order of cancellation and prohibition of gatherings, and ordered compliance with the state "stay at home" order.

19.

Louisiana Governor John Bell Edwards renewed the "stay at home" order for the period of May 1, 2020 through May 15, 2020, by issuance of Proclamation Number 52 JBE 2020, Renewal of State of Emergency for COVID-19 Extension of Emergency Provisions.

20.

Plaintiffs own/operate their businesses at the location 2030 Saint Charles Avenue in New Orleans, Louisiana.

21.

As a result of these events, Plaintiffs and many similarly-situated small businesses in this Parish suffered an interruption in their operations and incurred additional expenses in responding to these developments.

22.

Starr Indemnity & Liability Company issued a Businessowners Policy no. 100036013191, with effective dates of May 9, 2019 through May 9, 2020, to the named insureds, and Plaintiffs herein, Koeppel Clark Turner, LLC and BEKO Properties, LLC. That policy is incorporated by reference, as if copied herein *in extenso*.

23.

The policy coverage, included, but was not limited to, that delineated under Section I-Property, as follows:

a. Under section A, subsection f, "Business Income," including Net Income, normal operating expenses, and payroll expenses.

b. Under section A, subsection g, "Extra Expense," necessary Extra Expense; and

c. Under section A, subsection I, "Civil Authority," actual loss of Business Income and Extra Expense caused by action of civil authority that prohibits access to the described premises.

24.

On March 16, 2020, Plaintiffs submitted a notice of loss and requested coverage under the policy the relevant provisions for losses under these policy provisions.

25.

On May 8, 2020, Broadspire, Third Party Administrator for Starr Indemnity & Liability Co. issued a denial of coverage letter in response to Plaintiffs' demand under the policy. Despite the insurer's acceptance of premium during the policy term, no payments have been made to the insureds under the policy.

26.

Therefore, Starr Indemnity & Liability Company failed to fulfill its obligations and promises under the policy and is, therefore, liable to Plaintiffs for the following failures and/or causes of action, including, but not limited to:

   a. Failing to pay all sums due under the policy;

   b. Failing to timely pay payroll and operations costs recoverable under the policy;

   c. Failing to timely pay extra expenses recoverable under the policy;

   d. Failing to timely pay for business interruptions losses;

   e. Failing to timely pay for losses due to actions/inactions of civil authority;

   f. Failure to timely and effectively communicate with the insureds;

   g. Breach of contract;

   h. Negligence;

   i. Arbitrary and capricious acts; and

   j. Other acts and omissions to be proven at trial.

27.

The denial of coverage was arbitrary, capricious, in bad faith, and unsupported by Louisiana insurance law.

## **DAMAGES**

28.

As a result of the foregoing acts and/or omissions Defendant Starr Indemnity & Liability Company should adequately compensate Plaintiffs for all items covered under the policy of insurance, including, but not limited to:

a. Business Income, including Net income, normal operating expenses, and payroll expenses;

b. Necessary Extra Expense;

c. Actual loss of business income and extra expense due to action/inaction of a civil authority; and

d. Attorney's fees and costs.

29.

La. R.S. 22:1892, 22:1893, and 22:1973 are applicable to these claims. Therefore, Plaintiffs are entitled to additional penalties under La. R.S. 1973(C), in addition to general and special damages.

## DECLARATORY JUDGMENT

30.

Plaintiffs re-aver and incorporate all the allegations of paragraphs 1-22.

31.

Plaintiffs request a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. 2201.

32.

Plaintiffs request a judicial declaration of coverage under the policy for the demands alleged herein.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Koeppel Clark, LLC & Beko Properties, LLC, pray that Starr Indemnity & Liability Company be duly cited to appear and answer same and that, after expiration of all legal delays and due proceedings be had, there be judgment rendered in favor of Plaintiffs Koeppel Clark, LLC & Beko Properties, LLC, and against Defendants Starr Indemnity & Liability Company in an amount that will fully compensate Plaintiffs, together with legal interest thereon from the date of judicial demand until paid, all costs of these proceedings, and all general and equitable relief to which Plaintiffs are entitled.

Respectfully Submitted,

**KOEPPEL CLARK**

*s/ W. Scarth Clark*
**PETER S. KOEPPEL (LSBA #1465)**
**W. SCARTH CLARK (LSBA#22993)**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile:  (504) 524-1024

*Attorneys for Plaintiffs Koeppel Clark, LLC, and Beko Properties, LLC*

**PLEASE SERVE**
**Starr Indemnity & Liability Company**
*Through its registered agent*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809