UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KOEPPEL CLARK LLC, et al. | CIVIL ACTION |
| VERSUS | NO: 20-02055 |
| STARR INDEMNITY & LIABILITY COMPANY | SECTION: T (1) |

### ORDER

Plaintiffs Koeppel Clark, LLC, and Beko Properties, LLS, have filed a Complaint for Damages and Demand for Trial by Jury alleging that Defendant Starr Indemnity & Liability Company failed to honor their claim for coverage under a Businessowners Policy.[1] Before the Court is a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant.[2] Plaintiffs have filed a response in opposition.[3] Defendant with leave of Court has filed a reply, sur-reply, and supplemental reply.[4] Plaintiffs, too, have filed various supplemental responses.[5] For the reasons set forth below, the Motion to Dismiss is DENIED.

This case centers on an insurance coverage dispute involving a Businessowners Policy issued by Defendant to Plaintiffs as named insureds. Plaintiffs are law firms seeking coverage for alleged economic losses, namely business income and extra expenses, incurred as a result of various governmental civil authority orders issued because of the COVID-19 virus pandemic prohibiting access to the insured premises. Plaintiffs contend coverage is owed under the policy,

---

[1] R. Doc. 1.
[2] R. Doc. 8.
[3] R. Doc. 14.
[4] R. Docs. 24, 25, and 41.
[5] R. Docs. 23, 34, and 48.

1

while Defendant in its motion to dismiss asserts that the complaint is devoid of any specific allegations as to the losses allegedly incurred or how those losses are covered by the policy. Defendant contends Plaintiffs' conclusory allegations that they suffered interruption in their operations and incurred additional expenses in responding to orders issued by the Mayor of the City of New Orleans and the Governor of the State of Louisiana, even though none of those orders required Plaintiffs to close their businesses, are insufficient to demonstrate that their losses were covered by the policy.

Defendant maintains that the provisions in the policy invoked by Plaintiffs expressly require "direct physical loss or damage to" property in order to trigger coverage. Defendant points out that the complaint pleads no facts demonstrating that Plaintiffs' losses were caused by "direct physical loss of or damage to" Plaintiffs' premises or that such losses were caused by a civil authority order that "prohibit[ed] access" to Plaintiffs' premises 'due to direct physical loss of or damage to property, other than at [Plaintiffs' premises]." Defendant contends Plaintiffs have failed to make any allegation that any property, theirs or nearby, was physically damaged.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3 228, 239 (5th Cir. 2009). Nevertheless, the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insurmountable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

This Court has reviewed the complaint, the various memoranda, the law, and the relevant portions of the insurance policy in question. Although a close question, and numerous other courts have found otherwise, the Court finds that Plaintiffs have sufficiently alleged facts that plausibly entitle them to the relief they seek. Notwithstanding the Court's determination as to this motion to dismiss, relief is not guaranteed to the Plaintiffs. Issues pertaining to coverage and the applicability of the virus exclusion are questions better suited for summary judgment or trial.[6] Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 30th day of September 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[6] Indeed, Plaintiffs have already filed a motion for summary judgment on these issues. R. Doc. 54.

3